Argued March 7, affirmed May 1, 1963

BOSTWICK *v.* LOGSDON ᴇᴛ ᴀʟ

380 P. 2d 982

*Ashley Greene,* Oregon City, argued the cause for appellant. With him on the brief were B. Ashley Phillips and Odd H. Asbjornsen, Oregon City.

*Alan R. Jack,* Oregon City, argued the cause for respondent. On the brief were Jack, Goodwin & Anicker, Oregon City.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

DENECKE, J.

This is an automobile accident case. The defendant driver made a left turn at an intersection and collided with the plaintiff approaching from the opposite direction. The jury returned a verdict for the defendants.

Plaintiff urges that the defendant driver was negligent as a matter of law in failing to keep a proper lookout. The testimony most favorable to the plaintiff is that the defendant driver looked ahead, saw cars, including plaintiff's, and believed he had time to make the turn and clear the intersection; he made his turn, did not keep looking at the plaintiff, but looked generally in the direction his vehicle was pointed in its turn; he did not see plaintiff's vehicle again until the impact and at that time he had almost completed his turn. It is a jury question whether or not this lookout was that which a reasonably prudent man would have kept. One making a left-hand turn does not necessarily, under all circumstances, have to keep watching approaching vehicles until the intersection is cleared. See cases collected in *Lantis v. Bishop,* 224 Or 586, 356 P2d 158, holding that a pedestrian who has looked before crossing is not contributorily negli-

gent as a matter of law for failing to look again while crossing.

Plaintiff urges that the trial court erred in instructing in the language of the statute on the duty to yield the right of way when making a left-hand turn in an intersection, and in not giving plaintiff's requested instruction on this subject. Plaintiff's position is based upon a misconception of *Kennedy v. Farmers Coop. Creamery,* 207 Or 160, 295 P2d 197. In that case the trial court was found to be in error because it did not instruct in accordance with the statute. ORS 483.202(3) refers to a driver *within* an intersection, *intending* to turn. In *Kennedy,* supra, the trial court erred in imposing the statutory duties upon a driver *approaching* the intersection, instead of *within,* the intersection.

The requested instruction read:

> "You are instructed that it is the duty of a driver, while making a left turn within an intersection, to yield the right-of-way to an automobile so close to the intersection as to constitute a hazard.

> "If you find that, at any time after Defendant entered the intersection, Plaintiff's automobile was close enough to constitute a danger and Defendant, KEMHUS, failed to yield the right-of-way to Plaintiff's automobile, Defendants were guilty of negligence as a matter of law."

■ The vice of the requested instruction is the opposite of that found in the *Kennedy* case. The requested instruction would require the defendant to continue to yield the right of way to oncoming traffic *after* he has lawfully commenced his left turn and to continue to yield the right of way during the entire time he is within the intersection.

ORS 483.202(3) does not so require. It states:

"The driver of a vehicle within an intersection intending to turn to the left shall yield to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard. Having so yielded and having given a signal when and as required by law, the driver may make such left turn, and other vehicles approaching the intersection from the opposite direction shall yield to him."

After a driver has yielded and signaled, the statute permits him to turn and when turning and clearing the intersection, approaching vehicles must yield to him.

Judgment affirmed.